

# IN THE
# TENTH COURT OF APPEALS

### No. 10-10-00182-CV

DANNY CLINE,

Appellant

v.

BRAD LIVINGSTON, ET AL,

Appellees

From the 278th District Court
Walker County, Texas
Trial Court No. 24,935

## MEMORANDUM OPINION

Danny Cline has filed a motion to dismiss this appeal.[1]  Appellees have not filed a response.  Accordingly, the motion is granted, and the appeal is dismissed.  *See* TEX. R. APP. P. 42.1(a)(1).

FELIPE REYNA
Justice

---

[1]    Because Cline put cause no. 10-10-00191-CV on this motion, which is the cause number for a related mandamus proceeding, the motion was originally filed with the papers for that proceeding and dismissed for want of jurisdiction.  In a follow-up letter, however, Cline has clarified that the motion is intended for this appeal.

Before Chief Justice Gray,
     Justice Reyna, and
     Justice Davis
     (Chief Justice Gray dissenting with note)*
Appeal dismissed
Opinion delivered and filed December 15, 2010
[CV06]


*       (Chief Justice Gray dissents to granting Cline's motion to dismiss.  A separate opinion will not issue.  He notes, however, that Cline's "motion" is phrased as follows: "The Appellant hereby request the court dismiss the appeal for lack of jurisdiction or otherwise make it's ruling so appellant may proceed to refile his cause of action in a different court in another district since he is receiving maltreatment in this one."  Chief Justice Gray notes that quite possibly the reason we have not received a response from the defendants/appellees is because Cline, an inmate representing himself, did not serve his "motion" on the Attorney General who is the attorney of record for the defendants/appellees (prison officials).  Further, Chief Justice Gray believes we have jurisdiction of this direct appeal and therefore it is erroneous to dismiss it for lack of jurisdiction.  The appeal has been fully briefed on its merits and Chief Justice Gray would overrule Cline's issues and affirm the trial court's judgment for a number of the reasons asserted in the appellees' brief.  Further, the defendants/appellees are entitled to a disposition on the merits so that Cline cannot proceed against them over the defense of res judicata.  And finally, the Court's judgment should assess cost of the appeal, if it is going to dismiss it on Cline's motion, against Cline and notify TDCJ of the judgment that has been rendered against him for cost in this appeal.  Chief Justice Gray will forego comment upon Cline's erroneous statements in the remainder of his motion but notes that Cline's statement in correspondence addressed to the deputy clerk is ill-advised because the deputy clerk's correspondence is communicating orders of this Court.)